Elliot Gale (Bar #263326)
egale@gajplaw.com
Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-721-2767 fax

Attorneys for Plaintiff
Sarah Baxley

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| Sarah Baxley<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Bank of America, N.A.<br><br>　　　　　Defendant. | CASE NO.  8:20-cv-02266<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Rosenthal Fair Debt Collection Practices Act<br>2. Intrusion Upon Seclusion<br>3. Violation of the Telephone Consumer Protection Act |

COMES NOW Plaintiff Sarah Baxley, an individual, based on information and belief, to allege as follows:

## **INTRODUCTION**

1. Plaintiff brings this action against Bank of America, N.A. in response to receiving approximately two hundred and fifty-three (253) telephone calls from Bank of America, N.A. over the course of two months.  These calls continued despite Bank of America, N.A. receiving nine separate certified notices demanding the calls stop and informing Bank of America, N.A. that Plaintiff was represented by counsel.

Bank of America also sent multiple payment demands to the Plaintiff through email and regular mail despite knowing she was represented by counsel.

2. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, intrusion upon seclusion, which California has adopted from §652B of the Restatement (Second) of Torts, and violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

3. Plaintiff brings this action against Defendant Bank of America, N.A. (hereinafter "Defendant" or "Bank of America") for its abusive and outrageous conduct in connection with debt collection activity.

4. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## JURISDICTION & VENUE

7. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

8. This venue is proper pursuant to 28 U.S.C. §1391(b).

9. Plaintiff resides in the Southern Division of the Central District.

10. The contract entered into between Plaintiff and Bank of America was executed in Orange County, California.

11. Bank of America, N.A. maintains hundreds of banking locations throughout the greater Los Angeles, California area.

## GENERAL ALLEGATIONS

12. Plaintiff Sarah Baxley (hereinafter "Plaintiff") is an individual residing in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(g).

13. At all relevant times herein, Bank of America was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).

14. At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c)

15. Plaintiff opened an unsecured credit account with Defendant in early 2015.

16. The account Plaintiff opened with Defendant was primarily for personal, family or household purposes and is therefore a "debt" as that terms is defined by the Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

17. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household

purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(3) of the Rosenthal Act.

18. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

19. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a "debt collector" within the meaning of the Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of the California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

20. Plaintiff's account was an unsecured credit card and Plaintiff began making payments on the account shortly after it was opened.

21. Plaintiff was making payments on the account for several years before she became financially unable to keep up with the monthly payments.

22. Defendant began contacting Plaintiff late June or early July of 2020 to inquire about the status of the account and to collect on the payments that were no longer being made.

23. Plaintiff retained counsel to assist in dealing with Defendant's debt and to seek some type of financial relief.

24. Counsel for Plaintiff sent Defendant an initial letter confirming representation of Plaintiff and informing Defendant that it was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

25. The contents of the letter also informed Defendant that Plaintiff was withdrawing her consent to be contacted on her cellular telephone if any such consent had ever been previously given.

26. Counsel for Plaintiff sent the letter of representation to Defendant through certified mail on July 9, 2020. Defendant received the certified letter on July 13, 2020.

27. Plaintiff informed Defendant that she was revoking her consent to be called on her cellular telephone in July of 2020.

28. Defendant continued to contact Plaintiff even after it had received Plaintiff's July 9, 2020 letter.

29. A second certified letter was sent on September 11, 2020 again informing Bank of America that Plaintiff had retained counsel and that she had previously revoked her consent to be contacted by an ATDS.

30. Bank of America received the September 11, 2020 certified letter on September 21, 2020.

31. Undeterred, Bank of America continued to place calls to Plaintiff's cellular telephone despite being aware that Plaintiff was represented by counsel with respect to the Bank of America account and that Plaintiff had revoked her consent to be contacted by an ATDS.

32. Understandably annoyed, Plaintiff had a third notice sent on October 1, 2020.

33. Despite three notices, Bank of America was adamant about still contacting Plaintiff directly.

34. A fourth notice was sent on October 8, 2020 and received on October 16, 2020.

35. Bank of America was determined to continue to contact Plaintiff directly and ignored the fourth notice.

36. Ultimately Bank of America received nine separate certified notices, yet it continued to contact Plaintiff directly using an ATDS and knowing that she was represented by counsel. Each of the nine notices contained copies of the prior notices that were sent to Bank of America.

37. Each and every notice was received by Bank of America.

38. Between approximately July 16, 2020 – November 15, 2020 Bank of America contacted Plaintiff on at least 253 (two hundred and fifty-three) separate occasions despite receiving notice that Plaintiff was represented by counsel and that she was revoking her consent to be contacted on her cellular telephone.

39. The actual call volume may be much higher as the number of calls placed by Bank of America to Plaintiff have overwhelmed Plaintiff and caused her to experience a significant amount of anxiety and stress.

40. In addition to the constant collection calls that were placed to Plaintiff, Defendant continued to send collection notices and payment demands through email and regular mail, despite being aware that Plaintiff was represented by counsel.

41. Defendant would often call Plaintiff numerous times each day demanding payment on the account.

42. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

43. Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant and that Plaintiff revoked consent to be contacted on her cellular telephone.

44. Defendant's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular telephone were to stop.

45. Defendant intentionally ignored Plaintiff's nine certified letters of representation of revocation of consent and willfully attempted to coerce Plaintiff into making payment on her account by bombarding her cellular telephone with auto dialed calls.

46. Bank of America intended to frustrate and annoy Plaintiff at all time of the day, regardless of where Plaintiff was, in an attempt to have her make payments on the account.

47. Despite receiving written notice on nine separate occasions regarding Plaintiff's representation by counsel and revocation of her consent to be contacted on her cellular telephone Defendant continued to call and contact Plaintiff daily regarding her account with Defendant.

### FIRST CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant Bank of America)

48. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

49. Plaintiff provided written notice via certified mail, nine separate times, that she was represented by sending Defendant a letter with the name, address, and contact information of her attorney and informed Defendant that she was represented.

50. Defendant continued to call and attempt to make contact with Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel in an effort to deal with the debt that was owed to Defendant.

51. The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

52. Plaintiff received over 253 calls and from Defendant between July 15, 2020 and November 16, 2020.

53. Defendant violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

### SECOND CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant Bank of America)

54. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

55. Defendant placed at least 253 calls to Plaintiff.

56. Plaintiff was contacted multiple times per day by Defendant.

57. Defendant sent written payment demands and collection notices to Plaintiff in addition to the 253-plus phone calls.

58. Defendant also sent multiple emails to Plaintiff demanding that she make a payment on the account.

59. Defendant violated Cal. Civ. Code §1788.11 by calling Plaintiff over 253 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

### THIRD CAUSE OF ACTION
(Intrusion Upon Seclusion)
(Against Defendant Bank of America)

60. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as set forth herein.

61. The California legislature explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Rosenthal Fair Debt Collection Practices Act and incorporating most of the Federal Act's provisions into the Rosenthal Act.

62. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

63. Bank of America intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

64. Bank of America intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

65. Plaintiff has a reasonable expectation of privacy in her solitude, seclusion, and/or private concerns and affairs.

66. These intrusions and invasions against Plaintiff by Bank of America occurred in a way that would be highly offensive to a reasonable person in that position.

67. Bank of America received, on nine occasions, notice stating that it was no longer to contact Plaintiff as she was represented by counsel and revoked her consent to be contacted on her cellular telephone.

68. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Bank of America.

69. Bank of America also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

### FOURTH CAUSE OF ACTION
(Violation of the TCPA)
(47 USC § 227)
(Against Defendant Bank of America Bank)

70. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

71. Defendant was informed that Plaintiff revoked her consent to be contacted by Defendant in July of 2020 and on eight separate occasions thereafter.

72. Defendant called Plaintiff at least 253 (two hundred and fifty three) times since Plaintiff withdrew her consent to be contacted by an automatic dialing machine.

73. Defendant was notified, nine separate times, that Plaintiff had revoked her consent to be contacted on her cellular telephone by an automatic dialing machine,

however, despite being Plaintiff's revocation, Bank of America continued place calls to Plaintiff's cellular telephone without her consent and with complete disregard the prior notice that was received by Bank of America.

74. Defendant would contact Plaintiff nearly daily regarding payment on the accounts.

75. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

76. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

77. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

78. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine in July of 2020.

79. Overall Plaintiff was contacted at least 253 (two hundred and fifty-three) times by Defendant on her cellular phone.

80. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(A)(iii).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    **a.** An award of actual, statutory, and punitive damages.

    **b.** An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32.

    **c.** An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32.

    **d.** An award of costs of litigation and reasonable attorney's fees pursuant

to Cal. Civ. Code §1788.30(c).

 **e.** An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation; and

 **f.** Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

**Gale, Angelo, Johnson, & Pruett, P.C.**

Dated: December 2, 2020    By:   */s/ Joe Angelo*
             Joe Angelo
             Elliot Gale
             Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

**Gale, Angelo, Johnson, & Pruett, P.C.**

Dated: December 2, 2020      */s/ Joe Angelo*
             Joe Angelo
             Elliot Gale
             Attorneys for Plaintiff